PeaesoN, C. J.
 

 Ve think it clear that after a person, served with a copy of the declaration in ejectment and notice, has been made the defendant, by entering into the common rule and pleading not guilty, he may be required to give bond for the cost, under a rule that unless he does so, his appearance will be stricken out and judgment be entered against the casual ejector, as the failure of the plaintiff to insist upon the bond in the first instance, is not an absolute waiver of his right to do so afterwards.
 

 But his Honor erred in attempting to give effect to the rule which had been previously made in the County Court.
 

 If, as appears in the face of the record, the rule was made
 
 after
 
 the plaintiff had submitted to a nonsuit, it was of no force, because there was no case in Court, and nothing to act on. If the rule was made before the nonsuit, then it was superseded thereby; for, although, while the rule was pending, the plaintiff was at liberty to discontinue his suit, yet he was not in a condition to submit to a nonsuit and appeal, as from a judgment with which he was dissatisfied, which supposes that the case is in a condition to be tried, and the plaintiff submits to a nonsuit in deference to the opinion of the Court, and the case cannot be in a condition to be tried while the rule is pending; or if the nonsuit and the rule and the appeal be considered as concurrent acts, the rule was of no force, be
 
 *424
 
 canse the County Court had no authority to make a rule, which is to be enforced in the Superior Court. There is no precedent for such a proceeding. Every court/must make rules with reference to its own action. So, the County Court cannot make a rule in anticipation that the case is to be taken out of that Court and carried to another, upon which the duty of enforcing the rule shall bé thereby im.posed.
 

 Pee, iOuRiAM,
 

 '.Judgment reversed.